In the District Court of Wyandotte County, Kansas
Limited Actions

FILED

2014 APR 24  PM 2: 13

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

DEPUTY

Michael Rapp,

Plaintiff,

vs.

Midland Credit Management Inc.

Defendant.

Case Number: 14LM2185

Division: 12

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1.  Plaintiff is a resident of Kansas.

2.  Defendant Midland Credit Management Inc. is a Kansas corporation.

3.  At all times relevant hereto, Defendant Midland Credit Management Inc. was and is engaged in the business of , all within Kansas.

4.  The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Michael Rapp, and as for Count I against Defendant Midland Credit Management Inc., states and alleges as follows:

5.  Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

6.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7.      Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

8.      The principal purpose of Defendant Midland Credit Management Inc. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9.      Defendant is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

10.      The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

11.      The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard.  Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter*

*v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

12.    Defendant is a purchaser of debt portfolios.

13.    Some of the portfolios Defendant's purchase consists of debts that are "stale" or the statute of limitations has expired.

14.    On January 30, 2012, another national debt buyer, Asset Acceptance, was sued by the United States of America in the Middle District of Florida for imprudent collection practices.

15.    Part of the allegations of that petition read as follows:

### Defendant's Practices When Collecting Debts Beyond the Statute of Limitations

30.    Because Asset Acceptance regularly collects older debt, and because its business strategy includes holding the debt it purchases for several years, a large percentage of the individual accounts it collects are past the statute of limitations.

31.    The statute of limitations for any given debt can vary from as short as two to three years to as long as fifteen or more years, and depends on several factors, including the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt (e.g., telecommunications, credit card, health club, etc.), whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment. A debt that is past the statute of limitations can be revived in many states if the consumer either makes a payment on the debt or states, in writing, an intention to pay it.

16.    In that petition, the United States alleged the following:

3

33.    Asset tracks the date that it believes any given account will go past the statute of limitations. Collectors are trained how to collect past-statute debts, and are taught that the debt will be revived if the consumer makes a partial payment on such a debt. When a consumer cannot pay a debt in full, but can pay something, Asset will enter into a payment plan with that consumer.

17.    The United States alleged the problems for the consumers when a debt buyer is collecting these stale debts as follows:

34.    Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written to promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

18.    Kansas is a state that has a revival statute such as the one indicated in the petition by the United States.

19.    K.S.A. 60-520 entitled "part payment or acknowledgment of liability" states that "in any case founded on contract, when any part of the principal or interest shall have been paid .... an action may be brought in such case within the period prescribed for the same, after such payment", which fully revives the statute of limitations, regardless of how long the debt has been stale.

20. As a result of the litigation with the United States and Asset Acceptance entered into a Consent Judgment on January 31, 2012.

21. As part of the Consent Judgment, Asset Acceptance agreed to include the following language in any demand for debt upon which the statute of limitations has expired:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid].

22. Since the entry of that consent judgment, Asset Acceptance LLC was acquired by Encore Capital Group, Inc., which also owns Midland Funding LLC and Midland Credit Management.

23. Presumably because a "sister collector" was the entity who ran afoul with the United States for collecting stale debt improperly, the Defendant has sent a letter to the Plaintiff which includes the following language:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

24. This was included because the alleged debt, a T-Mobile account, had long expired under the two year statute allowed by federal law.

25. However, in spite of this warning and Defendant's knowledge of the staleness of this debt, Defendant included the following in the letter:

*We can help you reduce your past due balance on your T-Mobile account, which is owned by Midland Funding LLC, and get your finances back on track.*

26.     The letter offers to work with the consumer with flexible payment plans when it states the following:

**We can help you get back on track. Call us today at (800) 282-2644 to discuss your options.** When you call, our skilled Account Managers will help you find a solution that fits your budget and your timeline.  You can also visit our website at www.midlandcreditonline.com to make payments.

27.     And the letter also states that working with the Defendant to resolve the debt will help the consumer as follows:

### Take your first steps towards financial freedom today!

28.     The Defendant is telling the Plaintiff that a payment on this debt will improve Plaintiff's financial condition by "getting finances back on track" and "taking steps to financial freedom".

29.     The true effect of luring the Kansas consumer into making a payment under the impression that the payment will improve the consumer's finances is to resurrect an old debt, now subjecting the consumer to being sued on the debt and waiving the affirmative defense of the statute of limitations.

30.     This is exactly the type of concern the United States had when it sued Asset Acceptance as described in paragraph 34 of the complaint quoted above, where consumers were lulled into thinking that a partial payment was a way to avoid negative consequences.

31.     The fact that the Defendant is now a sister corporation with Asset Acceptance, as indicated by its inclusion of the disclaimer, exhibits that Defendant is well aware of this issue.

32.     This conduct violates 15 USC 1692e(2)(A) which prohibits the false representation of the character, amount, or legal status of any debt; and 10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33.     The above-described acts are misleading to the least sophisticated consumer.

34.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff Michael Rapp, and as for Count II against Defendant Midland Credit Management Inc., states and alleges as follows:

36.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

37.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

38.     Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

39.     The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

40.     K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

41.     The above-described actions of Defendant violated section K.S.A. § 50-626.

42.     Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

43.     In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

*(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

44.   Defendant Midland Credit Management Inc.'s acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

45.   By virtue of the actions of Midland Credit Management Inc., Michael Rapp was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

46.   Defendant Midland Credit Management Inc.'s acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

47.   Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

48.   Because of Defendant Midland Credit Management Inc.'s deceptive acts, Michael Rapp is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

49.   Pursuant to K.S.A. §50-636, Michael Rapp is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

WHEREFORE, Plaintiff Michael Rapp respectfully prays for judgment on Count II against Defendant Midland Credit Management Inc. and requests the Court:

a.   Award actual damages and restitution to Plaintiff Michael Rapp;

9

b.      If actual damages are less than $10,000.00, award statutory damages in an

amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A.

§50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas

Consumer Protection Act;

c.      Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634;

and

d.      Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF

A.J. STECKLEIN #16330
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

*We can help you reduce your
past due balance on your
T-Mobile account, which is
owned by Midland Funding
LLC, and get your finances
back on track.*

Micheal Rapp
9509 W 99th Ter
Overland Park, KS 66212-5216

12-05-2013

Dear Micheal,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid T-Mobile account, which is owned by Midland Funding LLC.

### Reduce the amount you owe and resolve your bill today.

**If we receive $438.43 by 01-04-2014, we will consider your account balance paid in full!**

If you are unable to make the payment above, we may be able to set up payments as low as $50 each month to help you resolve this past due bill.

We can help you get back on track. Call us today at (800) 282-2644 to discuss your options. When you call, our skilled Account Managers will help you find a solution that fits your budget and your timeline. You can also visit our website at www.midlandcreditonline.com to make payments.

Don't miss this opportunity to save $657.64 off of your current balance of $1,096.07. We look forward to assisting you.

Sincerely,

H. Torres
Division Manager

**Take your first steps
towards financial
freedom today!**

· Save $657.64 if you pay
by 01-04-2014.

· After receiving your final
payment, we will consider the
account PAID IN FULL and the
three major credit reporting
agencies will be updated
accordingly.

**Current Balance**: $1,096.07
**Payment Due Date**: 01-04-2014
**Original Creditor:**
T-Mobile
**Original Account No.:**
571863897
**Current Owner:**
Midland Funding LLC
**MCM Account No.:**
8542806164

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.



PLAINTIFF'S
EXHIBIT
A

Hours of Operation:
M – Th 6am – 7pm
Fri 6am – 5pm
Sat 6am – noon
Sun 5am – 12:30pm PST

 **Call:**
(800) 282-2644

 **Click:**
www.midlandcreditonline.com

 **Mail:**
Payment coupon below

*PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.*